E-FILED
Thursday, 09 May, 2013 02:47:31 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

THOMAS  POWERS,                            )

               PLAINTIFF                   )

VS.                                        )        CASE NO.___13-3134___

DOCTOR HUGH LOCHARD                        )

DOCTOR MICHAEL BEDNARZ                     )

WEXFORD HEALTH SERVICES INC.               )

DOCTOR ANDERSON FREEMAN                    )

JOHN AND JANE DOE 'S ASCERTAINED           )

BY AND THROUGH DISCOVERY                   )

               DEFENDANTS,


CIVIL RIGHTS COMPLAINT

## JURISIDCTION:

1.  The jurisdiction of this court is invoked pursuant to the Civil Rights Act 42 U.S.C. 1983 et seq; 42 U.S.C. 1987 and 1985 the judicial code, 28 U.S.C. 1331 and 1343 (a); and supplementary jurisdiction,pursuant to 28 U.S.C. 1367 (a).

2.  This Court has authority pursuant to 28 U.S.C. 2201 and 2202 to provide apprpriate declaratoryrelief as to matters within it's jurisdiction and has authority under 42 U.S.C. 1988 to award Attorney Fees and cost to successful civil rights plaintiffs.

## VENUE:

3.  Pursuant to 28.U.S.C. section 1391 (a) 1 and 29 U.S.C. Section 1132 (e) (2),Venue is proper in the Central District of Illinois in that the constitutional breach occurred within this District and the Defendants are found in this District as well.

## PARTIES:

4.  **The Plaintiff Thomas Powers** wasat all times relevant to this complaint a citizen of the United States of America, and is a registered voter of Schuyler County,and as suchis guaranteed all the rights, priviledges,and immunities,safeguards,and protections set forth in the United States Constititutional Amendments,Plaintiff has exhausted his administrative remedies.

2.

5. **The Defendant Doctor Hugh Lochard,** of the Rushville Treatment and Detention Facility was at all relevant times of this complaint employed by the Wexford Health Care Services while engaging in the conduct complained of in the course and scope of his employment under the color of law and is sued in both his individual and official capacity in violation of the Plaintiff's eighth and fourteenth amendments of the United States Constitution.

6. **The Defendant Michael Bednarz,** of the Rushville Treatment and Detention Facility was at all times relevant of this complaint employed as the Medical Director of the Illinois Department of Human Services Treatment and Detention Facility located in Rushville,Illinois while engaging in the conduct complained of in the course and scope of his employment under the color of law and is sued in both his individual and official capacity in violation of the Plaintiff's eighth and fourteenth amendments of the United states Constitutkion.

7. **The Defendant Doctor Anderson Freeman ,** of the Illinoiss Department Human Services was at all times the Deputy Director and in charge of the Rushville Treatment and Detention Facility located in Rushville, Illinois, while engaging in the conduct complained of in the course and scope of his employment under the color of law and is sued in both his individual and officaial capacity in violation of the Plaintiff's eighth and fourteenth amendments of the United states Constitution.

8. **The Defendants John and Jnae Doe's,** of the Rushville Treatment and Detention Facility was at all times relevant of this complaint employed while engaging in the conduct complained of in the course and scope of his or her employment under the color of law and is sued in their individual

3.

and official capacity in violation of the Plaintiff's eighth and fourteenth
amendments of the United States Consitution.

9.  **The Defendant Wexford Health Care Services:**  was at all times relevant
to this complaint contracted as the medical provider for both the Illinois
Department of Corrections and the Illinois Department of Human Services.
They are sued in their individual and official capacity in violation of
the Plaintiff's eighth and fourteenth amendments of the United States Con-
stitution.

**FACTS:**

10. Plaintiff was diagnosed with chronic degenerative hip disease in May
of 2001 at Pontiac Correctional Center.

11. Plaintiff's chronic condition has continously worsened with the passage
of time.

12. Plaintiff was treated by Dr. Lawrence Ngu from October 2006 to October
2008 at the Dixon Correctional Center.

13. Dr. Lawrence Ngu recommended that the plaintiff receive hip surgery
to replace his chronically degenerative  hip while at Dixon Correctional
Center in 2008.

14. Physical therapist Michael Tunic while at Dixon Correctional Center
further declared the same based upon his own therapeutic training and
personal expertise in such matters.

15.Plainttif was placed under the care of Doctor Mesrobian at Dixon Cor-
rectional Center in January 2009,upon the death of Doctor Mesrobian in
January of 2010,plaintiff was placed under the care of Dr. Carter.

16. Upon the May 25,2011 transfer to the Danville Correctional Center,

4.

plaintiff encountered the assigned physician Medical Director Paul Talbot.

17. Dr, Paul Talbot verbally expressed his open displeasure at the expense of Plaintiff's chronically degenerative his presented in his budgetary concerns and openly stated as such.

18. Plaintiff persisted with his request of required medical needs.

19. Dr. Paul Talbot out of open frustration dicontinued the following plaintiff's auxillery devices walking cane,egg carton mattress and physical therapy which had been consistently prescribed by multiple specialists/doctors from 2006 to May 25,2011.

20. Dr. Paul Talbot said quote "If you don't like it sue me".

21. Dr. Paul Talbot intentionally willfully and wantonly denied plaintiff's necessary treatment he required  for his degenerative hip condition and this denial of treatment was based upon expense as stated by Doctor Paul Talbot himself.

22. Any and all additional pleas for help and numerous written requests to Dr. Paul Talbot fell on deaf ears and blind eyes.

23. Further the chosen course of Dr. Talbot's course of treatment is directly responsible for the multiple medical problems which have created major side effects all to thedetriment of the plaintiff.

24. On June 26,2012, Plaintiff was transferred from the Danville Correctional Center to the Illinois Department of Human Services treatment and Detention Facility in Rushville,Illinois, placed under the care of Doctor Hugh Lochard of Wexford Health Care Services and Doctor Meichael Bednarz.

25. Plaintiff informed Dr. Lochard of the serious medical problem of his left hip.

26. Upon examination Dr. Lochard ordered X-rays,detected blood in the Plaintiff's  stool and ordered Plaintiff for a colonoscopy,but did not restore the walking cane or physical therapy.

5.

27. The on site xrays showed Dr. Lochard that the osteoarthiritis was severe in the plaintiff's left hip.

28. The plaintiff's continously made requests to be treated during the time of June 26,2012 up until being seen by Dr. Brett Wolter M.D. Orthopedic Surgeon of the Springfield Clinic in Springfield,Illinois.

29. Plaintiff continuously sought help for the tremendous amount of pain Plainitiff's closet friend Joann Amato contacted Doctor Anderson Freeman.

30. On September 24,2012 Doctor Freeman responded to Joann Amato that he would forward her concerns to the medical staff at the TDF.

31. On October 10,2012 Plaintiff was sent to Sarah B. Culberston Memorial Hospital in Rushville,Illinois.An examination of the Plaintiff's Pelvis and left hip showed severe degenerative changes with narrowing of the left hip.

32. Even after another diagnosis of Dr. Wolter that Plaintiff's on October 10,2012 has to be replaced both Dr. Lochard and Dr. Bednarz have delayed and denied the plaintiff's serious medical need to plaintiff's left hip.

33. Defendants Lochard,Bednarz and Freeman's blantant reckless disregard to the Plaintiff's health was evident.

34. Plaintiff continues to suffer needlessly at the hands of the Defendants.

35. Plaintiff's concerned for his well-being contacted the Office of Executive Inspector General for the Agencies of the Illinois Governor, a whistling blowing in reference to the pain and the delay of treatment to plaintiff's hip.

36. On October 31,2012, Doctor Michael Bednarz called the plaintiff to healthcare and informed the plaintiff that he was talking with the Office of the Executive Inspector General for the agencies for the Illinois Governor,hereafter called "OEIG".

37. Defendant Bednarz lashing out at the plaintiff stating "you can go that route with the OEIG,but all it will do is just prolong your care to get a new hip.

6.

38. On November 9,2012 as a direct result of Dr. Paul Talbot's course of treatment and extremely painful condition,plaintiff underwent surgery to his intestinal tract and stomach.

39. Dr. Lochard informs the plaintiff that Dr. Brett Wolters refuses to see another patient from the Rushville Treatment and Detention Facility.

40. This statement made no sense to the plaintiff,showing further delay ot treat the plaintiff's serious medical need.

41. After further grievances filed on Defendants Lochard,Bednarz and Freeman with numerous requests for the pain the plaintiff is in, plaintiff was finally sent out to another orthopedic surgeon at Quincy Medical Services.

42. On March 4,2013,plaintiff was seen by Dr. Bingum orthopedic surgeon. Dr. Bingum informing the plaintiff that he needs a new hip and that it is serious.

43. On April 29,2013 Plaintiff requested leave to Amend his Complaint adding the included Doctors to the matter of POWERS V. TALBOT 2:12CV2207, in addition to filing an Amended Complaint electronically.

44. On April 30,2013, Plaintiff was informed that he had a medical writ for his hip replacement but was then mysteriously cancelled.

45. As a proximate result of these defendant's actions as detailed above, the plaintiff has suffered and continues to suffer irreparable harm, severe distress,humilation and ongoing degradation all ot his own detriment.

### COUNT ONE

### CLAIM FOR DELIBERATE INDIFFERENCE

### BY DEFENDANT DOCTOR HUGH LOCHARD

Plaintiff realleges paragraphs 1 through 45.

46. The actions of Dr. Hugh Lochard foregoing and depriving the plaintiff required medical treatment for a well diagnosed surgical need in lieu

of monetary saving, deliberate retaliatory delay is such a brazen act
of deliberate indifference to plaintiff's serious medical needs,so obvious
even a lay person would recognize the surgical necessity.

47. The actions of Dr. Hugh Lochard malicious tormenting delay after two
outside orthopedic surgeons have diagnosed the plaintiff's severe degenera-
tive hip has to be replaced. Lochard's actions fails to provide the plain-
tiff reasonable care and has reach a standard of recklessness.
This defendant has failed to provide plaintiff with a  duty of care pending
with his knowledge of the plaintiff's suffering is extreme.

48. Furthermore the delay of replacing Plaintiff's hip is malicious, the
long term effect of the medication this defendant has ordered instead
of the surgical necessity and denial of physical therapy. These actions
aonly exearabate plaintiff's degenerative hip condition.

49. Dr. Hugh Lochard's actions are violating the plaintiff's eighth and
fourteenth amendments of the United States Constitution to be free from
cruel and unusual punishment.

50. WHEREFORE,plaintiff demands substanial actual/compensatory damages
from this defendant named in this count,additionally, because this defen-
dant acted maliciously,willfully,wantonly and or in reckless disregard
for the plaintiff's constitutional rights, plaintiff demands substanial
punitive damages from this defendant. Plaintiff also demands cost and
whatever additional relief this Honorable Court deems equitable and just.

### COUNT TWO

### CLAIM FOR DELIBERATE INDIFFERENCE
### FOR DEFENDANT MICHAEL BEDNARZ

Plaintiff realleges paragraphs 1 through 45.

51. The actions of Doctor Michael Bednarz foregoing and depriving the
plaintiff required medical treatment for a well diagnosed surgical need

8.

in lieu of monetary saving, deliberate retaliatory delay is such a brazen act of deliberate indifference to plaintiff's serious medical needs, so obvious evn a lay person would recognize the surgical necessisty.

52. The actions of Dr. Michael Bednarz malicious tormenting delay after two outside orthopedic surgeons have diagnosed the plaintiff's severe degenerative hip has to be replaced. Bednarz's actions fails to provide the plaintiff reasonable care and has reached the standard of recklessness. This defendant has failed to provide the plaintiff with a duty of care pending with his knowledge of the plaintiff's suffering is extreme.

53. Furthermore, the delay of replacing the Plaintiff's hip is malicious, the long teerm effect  of the medication this defendant has complied with the orders instead of the surgical necessity  and denial of physical therapy. These actions only exearabate plaintiff's degenerative hip condition.

54. Dr. Michael Bednarz's actions are violating the plaintiff's eighth and fourteenth Consitutional amendments rights to be free from cruel and unusual punishment.

55. WHEREFORE, Plaintiff demands substanial actual/ compensatory damages from this defendant named in this count, additionally, because this defendant acted maliciously, willfully, wantonly and or in reckless disregard for the plaintiff's constitutional rights, plaintiff's demands  substanial punitive damages from this defendant. Plaintiff also demands cost and whatever additional relief this Honorable Court deems equitable and just.

## COUNT THREE

### CLAIM FOR DELIBERATE INDIFFERENC
### FOR DEFENDANT ANDERSON FREEMAN

Plaintiff realleges paragraphs 1 through 45.

56. The actions of Dr. Anderson Freemanforegoing and depriving the plain-tiff required medical treatment for well diagnosed surgical need inliteu of monetary saving, deliberate retaliatory delay is such a brazen act of deliberate indifference to plaintiff's serious medical needs, so obvious even a lay persons would recognize the surgical necessity.

57. The actions of Dr. Anderson Freeman malicious tormenting delay after two outside orthopedic surgeons have diagnosed the plaintiff's severe degenerative hip has to be replaced . Freeman's actions fail to provide the

9.

This defendant has failed to provide the plaintiff with a duty of care pending with his knowledge of the plaintiff's suffering is extreme.

58. Furthermore, the delay of replacing Plaintiff's hip is malicious, the long term effect of the medication this defendant has complied with the orders instead of the surgical necessity and denial of physical therapy. These actions only exearbate plaintiff's degenerative hip conditions.

59. Dr. Anderson Freeman's actions are violating the plaintiff's Eight and Fourteenth Constitutional Amendments rights to be free from cruel and unusual punishment.

60.. WHEREFORE, Plaintiff demands substanial actual/compensatory damages from this defendant nmaed in this count, additionally, because this defendant acted maliciously, willfully, wantonly and or in reckless disregard for the plaintiff's constitutional rights, plaintiff also demands cost and whatever additional relief this Honorable Court deems equitable and just.

## COUNT FOUR

### CLAIM FOR DELIBERATE INDIFFERENCE

### for Defendant Wexford Health Care Services

Plaintiff realleges paragraphs 1 through 45

61. Defendant Wexford Health Care Services are completed responsible for validating Defendants Talbot, Lochard, Bednarz and Freeman's deprivation of medical care to the Plaintiff.

62. Defendant Wexford Inc., its agents, employees and representatives at the Illinois Department of Human Services Treatment and Detention have committed the aforementioned acts under the color of law in the course and scope of their contractual employment with the State of Illinois. All to the determent and degradation of the Plaintiff.

63. WHEREFORE, Plaintiff demands judgement against Defendant Wexford Health

10.

Services Inc in the amounts awarded to Plaintiff against the individual Defendants as damages, past,present, interest and for whatever additional relief this Honorable Court deems equitable and just.

### COUNT FIVE

### FIRST AMENDMENT CONSTITUTIONAL VIOLATION

### BY THE INCLUDED DEFENDANTS

Plaintiff realleges paragraphs 1 through 45.

64. As a direct and proximate result of plaintiff's numerous requests,grievances and various exhaustions of administrative remedies, the discontinuing of plaintiff's medical treatment and tormenting further delay, denial of auxillery devices were done to demostrate power and punish plaintiff. Plaintiff's outspoken comments of pending litigations on his hip,furthermore, influended the Defendants to use  their medical influence to black ball plaintiff with other health care staff and other health cares. Thereby seeking to retaliate against plaintiff for exercising his first amendment right to petition and seek legal redress in violation of his First Amendment Constitional right, all to the detriment to the plaintiff.

WHEREFORE, Plaintiff demands compensatory, punitive damages from this defendant named in this count, Plaintiff also demands cost and whatever additional relief this Honorable Court deems equitable and just.

Subscribed and sworn to before
me on 8th this day of May 2013

Virginia L. Shelton
NOTARY PUBLIC

OFFICIAL SEAL
VIRGINIA L SHELTON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/22/13

Thomas Powers
1680 E. County Farm Road
Rushville,Illinois 62681
(217)322-3204

11.